Citation Nr: 1825329 
Decision Date: 04/30/18 Archive Date: 05/07/18

DOCKET NO. 14-33 129 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to special monthly compensation (SMC) based on aid and attendance or housebound status.

2. Entitlement to an earlier effective date for service connection for paranoid schizophrenia prior to January 30, 2006.

3. Entitlement to an earlier effective date for Eligibility to Dependents' Educational Assistance (DEA) under 38 U.S.C. Chapter 35 prior to January 30, 2006.


ATTORNEY FOR THE BOARD

Erin J. Carroll, Associate Counsel





INTRODUCTION

The Veteran served on active duty from November 1987 to December 1989.

This matter comes before the Board of Veterans Appeals (BVA or Board) on appeal from February 2012 and March 2013 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. 

Of note, the Veteran was previously represented by an attorney in this matter. The attorney has since withdrawn from representation. As such, the Veteran currently has no representative of record.

As will be explained in the remand section below, the earlier effective date claims for the grant of service connection for TDIU and entitlement to DEA benefits that are currently on appeal are being deferred until the Veteran's motion alleging CUE in the RO's February 2012 rating decision is addressed by the agency of original jurisdiction (AOJ) in the first instance. For the reasons indicated in the remand section below, the latter matter is referred to the AOJ for appropriate action, to include informing the Veteran and his representative that a claim for benefits must be submitted on the application form prescribed by the Secretary of VA and providing such forms. See 38 C.F.R. § 3.150(a) (2017) (providing for furnishing of appropriate application form upon request for VA benefits); 38 C.F.R. § 19.9(b) (2017) (continuing to provide for Board referral of unadjudicated claims).

The issues of entitlement to an earlier effective date for service connection for paranoid schizophrenia and DEA benefits are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.


FINDINGS OF FACT

1. The record reflects that the Veteran is service-connected for paranoid schizophrenia, evaluated as 100 percent disabling. 

2. The Veteran's service-connected disability does render him helpless as to be in need of regular aid and attendance of another person.

3. The Veteran is not permanently housebound by reason of service-connected disability.


CONCLUSION OF LAW

The requirements for special monthly compensation based on regular aid and attendance or housebound status have not been met. 38 U.S.C. §§ 1114, 5103, 5103A, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.350, 3.352 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

The Veteran has not raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that "the Board's obligation to read filings in a liberal manner does not require the Board . . . to search the record and address procedural arguments when the veteran fails to raise them before the Board."); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

II. Special Monthly Compensation

The Veteran has asserted entitlement to SMC for aid and attendance and/or housebound status. Specifically, the Veteran claims that he suffers from paranoid schizophrenia that creates his need to be housebound and require aid and attendance of another person.

Generally, claims for SMC are governed by the provisions set forth at 38 U.S.C. § 1114(k) through (s), and 38 C.F.R. §§ 3.350 and 3.352. Under VA laws and regulations, SMC is payable, if as the result of service-connected disability, the Veteran has an anatomical loss or loss of use of both feet, or of one hand and one foot; has blindness in both eyes with visual acuity of 5/200 or less; is permanently bedridden; or is so helpless as to be in need of regular aid and attendance of another person. 38 U.S.C. §§ 1114(l); 38 C.F.R. § 3.3500. Aid and attendance means helplessness or being so nearly helpless as to require the regular aid and attendance of another person. See 38 C.F.R. § 3.350(b)(3). 

Determinations as to need for aid and attendance must be based on actual requirement of personal assistance from others. In making such determinations, consideration is given to such conditions as: inability to dress or undress himself or keep himself ordinarily clean and presentable, frequent need for adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid, inability to feed himself through loss of coordination of upper extremities or through weakness, inability to attend to the wants of nature, or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the individual from hazards or dangers incident to his daily environment. See 38 C.F.R. § 3.352.

SMC under § 1114(s) is payable at the housebound rate where the veteran has a single service-connected disability rated as 100 percent and (1) has additional service-connected disability or disabilities independently ratable at 60 percent, separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems, or (2) is permanently housebound by reason of service-connected disability or disabilities. This requirement is met when the veteran is substantially confined as a direct result of service-connected disabilities to his or her dwelling and the immediate premises, or if institutionalized, to the ward or clinical areas and it is reasonably certain that the disability or disabilities and resultant confinement will continue throughout his or her lifetime. 38 U.S.C. § 1114(s); 38 C.F.R. § 3.350(i).

Subsection 1114(s) requires that a disabled veteran whose disability level is determined by the ratings schedule must have at least one disability that is rated at 100 percent in order to qualify for the SMC provided by that statute. Under the law, subsection 1114(s) benefits are not available to a veteran whose 100 percent disability rating is based on multiple disabilities, none of which is rated at 100 percent disabling.

The record reflects that the Veteran is currently service-connected for paranoid schizophrenia, evaluated as 100 percent disabling. The Veteran has received a 100 percent rating for this disability since January 30, 2006.

VA treatment records indicate that the Veteran has demonstrated basic independent living skills and that he was previously able to provide adequate care and support for his mother after her knee replacement surgery. See VA Treatment Records dated February 26, 2013 and February 27, 2013. Additionally, the Veteran has expressed a desire to move out of his mother's home and live independently. See VA Treatment Record dated January 10, 2013. 

Treatment providers have further noted that the Veteran was able to maintain employment as a cashier at Goodwill for several years and found that he demonstrated normal behavior in a work setting. See VA Treatment Record dated January 10, 2013. In July 2016, the Veteran submitted his resume, which documented his consistent employment as a cashier/sales associate from January 2000 to January 2016.

An August 13, 2014 VA treatment record also noted that that Veteran was planning and coordinating a family trip to North Carolina.

In regards to the Veteran's claim for SMC based on the need for regular aid and attendance, the Board finds that his service connected disability of paranoid schizophrenia does not cause him to require regular aid attendance. Although the Veteran is being compensated for the symptoms of this disability at the rate of 100 percent disabling, it has not had the impact on his activities of daily living and require his need for regular aid and attendance. The Board finds that his paranoid schizophrenia does not affect the Veteran's ability to ambulate, to dress himself, to bathe himself, and to cook for himself.

In regards to the Veteran's claim for SMC based on being housebound, the Board finds that although his service-connected paranoid schizophrenia is rated as 100 percent disabling, he is not housebound. It is noted that the Veteran can still attend work and occasionally travels. Additionally, the Veteran is able to attend all of his VA appointments. Thus, the most probative evidence of record does not show that he is housebound due to his service-connected disability.

The Board finds that the criteria to SMC for aid and attendance or housebound status have not been met, and the appeal must be denied.


ORDER

Entitlement to SMC based on aid and attendance or housebound status is denied.


REMAND

A February 2012 rating decision granted service connection for paranoid schizophrenia and assigned a 100 percent disability rating, effective January 30, 2006. The same rating decision also granted eligibility to DEA benefits, effective January 30, 2006. 

In October 2012, the Veteran filed a Notice of Disagreement (NOD) requesting an earlier effective date for both the service-connected paranoid schizophrenia and DEA benefits. The NOD alleged that the effective date of the 100 percent disability rating had been improperly assigned based upon CUE. As noted above, the AOJ has not adjudicated the CUE claim; as such, the Board has no jurisdiction of this matter and it has been referred.

As the earlier effective dates and CUE claim are premised on the same set of material facts and resolution of the CUE claim in the Veteran's favor would render the earlier effective date claims moot, the Board finds that the earlier effective date claims are inextricably intertwined with the CUE claim, and will defer consideration of the earlier effective date matters. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (stating that two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision on one issue cannot be rendered until the other issue has been considered).

Accordingly, the case is REMANDED for the following action:

1. Adjudicate the intertwined issue of whether there was CUE in a February 2012 rating decision that granted service connection for schizophrenia and assigned a 100 percent disability rating, effective January 30, 2006. Only if the Veteran perfects an appeal by submitting a timely and adequate NOD and substantive appeal, the AOJ should forward the claim to the Board for the purpose of appellate disposition on the CUE claim.

2. Ensure that all necessary development is complete and readjudicate the claim of entitlement to an effective date earlier than January 30, 2006, for the grant of service connection for paranoid schizophrenia and eligibility for DEA benefits. As discussed above, these issues are inextricably intertwined with the CUE claim that was referred to the AOJ in the Introduction, and the Board will defer action on these claims until the CUE claim has been adjudicated. 

3. If the benefits sought are not granted, the Veteran should be furnished a supplemental statement of the case and afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
H.M. WALKER
Veterans Law Judge, Board of Veterans' Appeals




Department of Veterans Affairs